NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0377n.06

No. 08-3098

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 21, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| MICHAEL RAVER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| TIM BRUNSMAN, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE:  MARTIN and GRIFFIN, Circuit Judges; and DUGGAN, District Judge.[*]

BOYCE F. MARTIN, JR, Circuit Judge.  Michael Raver appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He was convicted of two counts of gross sexual imposition involving one of his stepdaughters, but he was found not guilty of four counts involving the sexual abuse of his second stepdaughter.  The district court found that Raver's only claim to survive procedural default—that his trial counsel was constitutionally ineffective for failing to object to or remedy the joining of the indictments so that he could have separate trials on the sexual assault charges against him—was without merit and that the state court's determination that Raver was not prejudiced was not so unreasonable as to justify habeas relief.

For the reasons set forth below, we **AFFIRM** the district court's denial of Raver's petition for a writ of habeas corpus.

_____

[*]The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

**I.**

Raver was indicted by a grand jury in Franklin County, Ohio, on two counts of rape, eight counts of sexual battery without specification, and two counts of sexual battery with specification in case no. 00-cr-6206, and he was later indicted on two counts of gross sexual imposition in case no. 01-cr-3348. All of the allegations stemmed from multiple incidents of sexual misconduct with his stepdaughters, C. and M.. An unopposed motion to join the separate indictments was granted on July 9, 2002.

The Ohio Tenth District Court of Appeals summarized the facts of this case as follows:

Appellant was charged with multiple incidents of sexual misconduct involving his two stepdaughters, [C. and M.]. Both children testified at trial [on May 7-8, 2002] regarding incidents occurring in 1999 when visiting their mother and appellant's home on Belvidere Avenue in Columbus.

\* \* \* \* \*

[C.]'s testimony acknowledges that she at first denied having been sexually abused because she was frightened and embarrassed by the incident. Later, after her sister came forward with similar allegations, [C.] came forward herself.

\* \* \* \* \*

Appellant testified on his own behalf and asserted his devotion to and affection for his stepdaughters. He denied any sexual conduct or contact with the girls.

The jury returned a verdict of not guilty on the four counts involving [M.] but guilty of two counts of gross sexual imposition in violation of R.C. 2907.05, a felony of the third degree, involving [C.] The trial court denied appellant's request for a pre-sentence investigation. [On May 8, 2002, the] trial court subsequently sentenced appellant to five years incarceration on each count, the two sentences to be served concurrently. In imposing this maximum sentence, the trial court found that a minimum sentence would demean the seriousness of the offense based on the victim's age, the fact that she was a stepdaughter in appellant's custody and control at the time of the offense, and the demonstrated psychological effect upon the victim. The trial court also found that appellant's acts demonstrated a pattern of abuse and

that appellant was likely to re-offend, but that the two counts for which he had been convicted were perpetrated in a single incident, justifying the concurrent sentences.

At the time of sentencing, the trial court conducted a further hearing pursuant to R.C. 2950.09, and found that appellant should be adjudicated a sexual predator, subject to the registration and notification provisions of R.C. Chapter 2950. The trial court again noted the age of the victim, the relationship of appellant to the victim, the demonstrated pattern of abuse, the effect upon the victim, and in addition noted the demonstrated lack of remorse or acceptance of responsibility by appellant.

*State v. Raver*, No. 02AP-604, 2003 WL 723225, at *1-2 (Ohio App. 10 Dist. Mar. 4, 2003).

Raver timely appealed, raising the following assignments of error:

[1.] The trial court erred when it entered judgment against the defendant for two counts of gross sexual imposition when the evidence was not sufficient to sustain either verdict and the manifest weight of the evidence would not support them.

[2.] The trial court erred in sentencing defendant-appellant to a maximum term of incarceration where the factual criteria to warrant a maximum term was not present and without first considering and rejecting a minimum sentence for defendant-appellant, who has not previously served a prison term.

[3.] The evidence before the trial court was legally insufficient to establish that defendant-appellant was a sexual predator, subject to the lifetime registration and community notification provisions of R.C. 2950.09.

[4.] Defendant-appellant was denied his sixth amendment right to counsel when trial counsel failed to: obtain expert assistance in defending defendant-appellant in the sexual predator hearing; and, make an adequate record of the pertinent aspects of defendant-appellant's history relating to the factors set forth in R.C. 2950.09(B)(2) probative of whether the offender is likely to engage in the future in one or more sexually oriented offenses.

[5.] Mr. Raver's rights to the effective assistance of counsel as guaranteed by the sixth and fourteenth amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution were violated.

*Id.* at *2-3. On March 4, 2003, the state appellate court affirmed the trial court's judgment. *Id.* at

*13. Raver did not appeal to the Ohio Supreme Court.

On January 3, 2003, Raver filed a petition for post-conviction relief in the state trial court in which he asserted the ineffective assistance of trial counsel. On March 16, 2005, the trial court denied the petition. Raver timely appealed to the Ohio Appellate Court, asserting that "the trial court erred when it denied Appellant an evidentiary hearing in violation of his rights under the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments of The United States Constitution and Article 1, Sections 1, 2, 9, 10, 16 and 20 of The Ohio Constitution, when the Appellant submitted documentary evidence dehors [sic] the record to support his claims." *Raver v. Brunsman*, No. 2:06-cv-952, 2007 WL 4365685, at *3 (S.D. Ohio Dec. 12, 2007). On February 14, 2006, the state appellate court affirmed the trial court's dismissal of petitioner's post-conviction petition. *State v. Raver*, No. 05AP-374, 2006 WL 330093 (Ohio App. 10th Dist. Feb. 14, 2006). Again represented by counsel, Raver timely appealed, raising the following proposition of law: "Counsel in this case did not provide the assistance necessary to properly defend a case of sexual impropriety with a child." On July 5, 2006, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question.

On November 13, 2006, Raver filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Ohio. The district court found that all of the issues that Raver raised on appeal, save ineffective assistance of counsel due to his attorney's failure to object to the consolidation of the charges against him, were procedurally defaulted. *Raver v. Brunsman*, No. 2:06-cv-952, 2007 WL 2670060 (S.D. Ohio Sept. 7, 2007). On October 18, 2007, Magistrate Judge Terence Kemp issued a Report and Recommendation recommending that Raver's petition for a writ of habeas corpus be dismissed for

failure to show prejudice because: (1) as Raver was represented by several attorneys, it is likely that one of them knew that they could move to sever the trials; (2) there is no indication that the trial court would have granted the severance; (3) Raver's attorney used the consolidation to his advantage to attack the credibility of the more credible victim; and (4) because the jury returned a verdict of not guilty on all counts involving one of the victims, Raver cannot show prejudice as the jury was clearly able to separate and independently consider the charges against him. The district court adopted and affirmed the Report and Recommendation on December 12, 2007. *Raver*, 2007 WL 4365685, at *1. Thereafter, the district court granted Raver a certificate of appealability of the following issue: Whether the petitioner was denied the effective assistance of counsel based upon his attorney's failure to oppose the state's request to consolidate the charges against him for trial.

Raver timely appealed.

## II.

We review a district court's decision regarding a habeas petitioner's claim of ineffective assistance of counsel de novo. *Avery v. Prelesnik*, 548 F.3d 434, 436 (6th Cir. 2008).

Raver's federal habeas petition was filed subsequent to the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, and thus its provisions govern this Court's review. Under AEDPA, a federal court may not grant habeas relief unless the state court's adjudication of the claim either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" provision, a federal habeas court should grant the writ "if the state court arrived at a conclusion 'opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Boykin v. Webb*, 541 F.3d 638, 642 (6th Cir. 2008) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). Under the "unreasonable applications" clause, a habeas court may grant the writ if the state court identified the correct legal principle from the Supreme Court's decisions but unreasonably applied that principle to the petitioner's case. *Id.* The habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings were correct. *See* 28 U.S.C. § 2254(e)(1); *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004).

## III.

Raver argues that the district court erred in denying his petition for a writ of habeas corpus on the ground that he received ineffective assistance of counsel due to his attorney's failure to object to the state's motion to consolidate the cases against him.[1]

The standard for whether counsel's ineffectiveness fell below the minimum requirements of the Sixth Amendment contains two components: (1) the deficient performance of counsel as compared to an objective standard of reasonable performance and (2) that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Supreme Court assesses performance using an

---

[1] The government argues in its response that the district court erred in finding, in a separate order than that appealed here, that Raver's ineffective assistance of counsel claim was procedurally defaulted. However, as the claim fails on the merits, we do not address this alternative, and likely waived, argument.

"objective standard of reasonableness" and "prevailing professional norms." *Id.* at 688. Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To prevail on an ineffective assistance of counsel claim, Raver must satisfy both the deficient performance and prejudice prongs of *Strickland. See Harries v. Bell*, 417 F.3d 631, 636 (6th Cir. 2005).

Raver argues that his trial counsel had no strategic reason for failing to oppose the consolidation of the cases involving C. and M., which had been charged in separate indictments, and that he was prejudiced by and suffered adverse effects from this ineffective assistance of counsel. In his state appeal, Raver offered an affidavit from his appellate attorney, James Owen, stating that trial counsel was unaware that Raver was entitled to two separate trials. The state appellate court, having correctly identified *Strickland* as the clearly established Supreme Court precedent at issue, found that:

> The conclusion we reach in the present case, in assessing the effectiveness of trial counsel, is not that there was no *potential* risk for appellant from trying the cases together, but that there were concomitant advantages to going forward in a single proceeding, and that, ultimately, no *actual* prejudice to appellant can be shown based upon the outcome of the trial. As stated above, the possibility that one sister's lack of credibility might undermine the testimony of the other cannot be disregarded; in fact the jury found one sister not credible. Although this ultimately did not avoid conviction on the charges involving [C.], [M.'s] lack of credibility could certainly have benefitted appellant in the charges against [C.]. Ultimately, the outcome of the trial obviated any possibility of prejudice to appellant; had appellant been convicted of charges involving both sisters, some prejudice could be argued, but the actual outcome in the present case simply does not support the proposition that one sister's less than credible testimony bolstered the jury's willingness to convict on charges involving the other sister. No ineffective assistance of trial counsel can be shown in this respect.

*Raver*, 2003 WL 723225, at *12 (emphasis in original).

Because the district court found that Raver was unable to show that he was prejudiced by his counsel's decisions, it did not explicitly address whether these decisions constituted ineffective assistance of counsel. The district court correctly noted that Raver appeared to have more than one attorney at trial and it is conceivable that one of those attorneys knew that he could oppose the motion to consolidate charges against him and of the strategic reason for not doing so. *Raver*, 2007 WL 4365685, at *9. Indeed, there appear to be strategic reasons to keep the cases together, and Raver's attorneys took full advantage of at least one. Raver's attorney used the "consolidation of charges to his advantage by pursuing the tactic of attacking the credibility of the more credible victim by pointing out that her accusations arose upon speaking to her less credible sister." *Raver*, 2007 WL 4365685, at *10. The fact that the jury only convicted Raver of charges involving C. and found him to be not guilty of the charges involving M. does, as the district court found, demonstrate that the jury was able to separate the charges involving each alleged victim and consider them independently.

While there is always a potential for prejudice when claims are tried together, there is no evidence that such prejudice arose here and that any error of counsel "actually had an adverse effect on the defense," as required by *Strickland*. 466 U.S. at 694. Therefore, as the district court found, even had the decision not to contest the joinder of the two charges been ineffective assistance of counsel, Raver has failed to show that he was prejudiced by this decision. Thus, the state court's decision to that effect is not so unreasonable as to justify habeas relief.

## IV.

For the foregoing reasons, we **AFFIRM** the district court's denial of Raver's petition for a writ of habeas corpus.